IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01608-BNB

DUANE ERIC NICHOLAS,

      Plaintiff,

v.

JEANEENE E. MILLER (official and individual capacity),
DANA SULLIVAN (official and individual capacity),
MICHAEL WALLINE (official and individual capacity),
DIANE FREAS (official and individual capacity),
"KATHY/CATHY" (official and individual capacity),
ARI ZAVARAS (official and individual capacity), and
JOHN STONE (official and individual capacity),

      Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG - 6 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

      Plaintiff, Duane Eric Nicholas, is an inmate at the Arapahoe County Detention

Facility in Centennial, Colorado. Mr. Nicholas initiated this action by filing *pro se* a

Prisoner Complaint for damages pursuant to 42 U.S.C. § 1983. He also has submitted

two sets of exhibits. Mr. Nicholas has been granted leave to proceed pursuant to 28

U.S.C. § 1915.

      The Court must construe Mr. Nicholas's filings liberally because he is

representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Prisoner Complaint reasonably

can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should

do so despite the plaintiff's failure to cite proper legal authority, his confusion of various

legal theories, his poor syntax and sentence construction, or his unfamiliarity with

pleading requirements." *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr.

Nicholas will be directed to file an amended complaint.

Mr. Nicholas's claims appear to arise out of his convictions in two Colorado

cases:

> 1.    Denver County District Court Case Number 83CR2105, in
> which he was sentenced to eight years for the crime of aggravated
> robbery committed on September 5, 1983, with the sentence
> effective February 3, 1986. Presentence confinement credits of
> 866 days were awarded.
>
> 2.    Jefferson County District Court Case Number
> 89CR61, in which he was sentenced to twelve years for the
> crime of escape committed on January 20, 1987, with the
> sentence effective November 6, 1989. The sentence was
> made concurrent with a sentence Mr. Nicholas was serving
> in Washington but consecutive to the Denver District Court
> sentence.

Mr. Nicholas alleges that he escaped from custody on January 20, 1987, and

was not returned to the custody of the Colorado Department of Corrections until May

16, 2009. Other than these allegations, the complaint is vague, verbose, and

confusing, and the submitted exhibits do not clarify the complaint. Mr. Nicholas

appears improperly to combine claims challenging the execution of his sentence, the

validity of his sentence, and the conditions of his confinement. Mr. Nicholas's claims

challenging the execution of his sentence properly are asserted in a separate habeas

corpus action pursuant to 28 U.S.C. § 2241. His claims challenging the validity of his

sentence properly are asserted in a separate habeas corpus action pursuant to 28

U.S.C. § 2254. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). To the

extent Mr. Nicholas is claiming that the conditions of his confinement violate his

constitutional rights, his claims properly are asserted in the instant § 1983 action. *See,*

*e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991). Accordingly, Mr. Nicholas will be ordered to file an amended complaint that only challenges the conditions of his confinement and does not challenge the validity or the execution of his sentence.

The complaint also fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Mr. Nicholas sets forth an extended and unnecessary discussion of often insignificant details and legal argument in support of his claims rather than providing "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

The amended complaint Mr. Nicholas will be directed to file must comply with Fed. R. Civ. P. 8. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement

3

of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Nicholas to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Nicholas will be directed to file an amended complaint that complies with the pleading requirements of Rule 8. Mr. Nicholas is reminded that it is his responsibility to present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.

In the amended complaint, Mr. Nicholas must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Nicholas must name and show how the named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely

because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Nicholas may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Nicholas uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Mr. Nicholas, therefore, will be directed to file an amended complaint that only asserts claims appropriate in a § 1983 action, states his claims clearly and concisely, asserts what rights were violated, and alleges specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations.

Accordingly, it is

ORDERED that Plaintiff, Duane Eric Nicholas, file **within thirty days from the date of this order** an amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Nicholas, together with a copy of this order, two copies of the Court-approved Prisoner Complaint form to be used in submitting the amended complaint. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that if Mr. Nicholas fails to file an amended complaint as directed within the time allowed, the complaint and the action will be dismissed without further notice.

DATED August 6, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No.  10-cv-01608-BNB

Duane Eric Nicholas
Prisoner No. 54615
Arapahoe County Det. Facility
PO Box 4918
Centennial, CO 80155

     I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on **8/6/10**

                    GREGORY C. LANGHAM, CLERK

                By: _____
                         Deputy Clerk